USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___9/6/2018___

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

IN RE:

LONDON SILVER FIXING, LTD.,
ANTITRUST LITIGATION

*This Document Relates To All Actions*

Case No.  14-MD-2573 (VEC)
14-MC-2573 (VEC)

**DISCOVERY SCHEDULE**

      This Proposed Discovery Schedule is submitted jointly by Plaintiffs and Defendants The Bank of Nova Scotia and HSBC Bank plc (together, "Defendants") in the above-captioned litigation (collectively, the "Parties") in accordance with Fed. R. Civ. P. 26(f)(3) and pursuant to the Court's December 7, 2016 Order (Dkt. No. 41) ("Order No. 12").

      WHEREAS the operative pleading in this action is Plaintiffs' Third Consolidated Amended Class Action Complaint filed on June 16, 2017 (Dkt. No. 258) (the "TAC"), as limited by the Court's Opinions and Orders filed on October 3, 2016 (Dkt. No. 151) and July 25, 2018 (Dkt. No. 363) (the "July 25 Order");

      WHEREAS counsel for the Parties have met and conferred, they now propose the following schedule, in an effort to complete discovery in a proportional and efficient manner:

1. Subject to modifications adopted by this Discovery Schedule and any subsequent Order, the Parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York.

2. Fact discovery shall be governed by the Stipulation and Protective Order entered on January 18, 2017 (Dkt. No. 203) (the "Protective Order").

3. On or about March 10, 2017, Plaintiffs provided to Defendants a draft proposed stipulation on e-discovery and production format protocols ("ESI Protocol").  The parties shall promptly meet and confer on a proposed ESI Protocol and shall submit to the Court a proposed final ESI Protocol no later than **September 15, 2018**.

4. Discovery in this litigation shall be coordinated with discovery in *In re Commodity Exchange, Inc., Gold Futures and Options Trading Litigation*, No. 14-MD-2548 (VEC) (the "*Gold* action"), to the extent that the Parties should attempt (where possible) to cooperatively resolve any discovery issues impacting both cases so as to minimize duplication and burden on the Parties, the Court, and nonparties.  Nothing in this provision is intended to, or shall be deemed to, modify the terms of the Protective Order, in particular Paragraph 2 of the Protective Order.

5. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have been completed per Order No. 12.

6. The parties will meet and confer with the Department of Justice, Fraud Section ("DOJ") in order to address any concerns DOJ has regarding discovery from Deutsche Bank, including the production of any remaining documents Plaintiffs obtained from Deutsche Bank in connection with their settlement of their claims against Deutsche Bank in this litigation that were not previously produced to Defendants. The parties will update the Court by letter on or before **September 14, 2018**.

7. The scope and timetable for fact discovery are based on the claims in the TAC.

8. Fact discovery.

   a. Subject to the resolution of any requests for a stay of discovery by the Department of Justice, which has previously intervened in this action and requested a partial stay of discovery, all fact discovery shall be completed by no later than **December 11, 2019**.

      1. *Requests for Production*: Parties shall serve their initial requests for production under Fed. R. Civ. P. 34 by no later than **September 24, 2018**.

         i. *Custodial Documents*: The Parties shall meet and confer regarding specific production issues related to ESI or the ESI Protocol. Each Producing Party shall disclose its proposed list of custodial files to be searched and search methodology for electronic communications and other custodial documents in response to Plaintiffs' requests for production no later than **October 15, 2018**. The Parties shall conclude negotiations on those issues by **November 14, 2018**. To the extent the Parties are unable to agree on any of these matters, any Party may submit the dispute to the Court no later than **December 3, 2018**. Production of such materials shall be made on a rolling basis beginning no later than **January 4, 2019**, subject to the Court's rulings on any disputed issues and to the pendency of any disputes awaiting a ruling.

         ii. *Transaction Data*: The Parties will meet and confer to discuss the transaction data to be produced in response to Plaintiffs' requests for production, including the scope of the transactions covered by such data, the data fields to be included, the sources from which data will be produced, the time periods for which data shall be produced, and the format of the data productions. To the extent the Parties are unable to agree on any of these matters, any Party may submit the dispute to the Court pursuant to paragraph 8(f) herein by no later than **December 3, 2018**. Subject to the Court's rulings on any such issues and to the pendency of any disputes awaiting a ruling, production of transaction data on a rolling basis shall begin no later than **January 4, 2019**.

         iii. *Non-Custodial Documents*: The Parties shall meet and confer concerning the production of non-custodial documents. To the extent the Parties are unable to agree on any of these matters, the Parties shall submit the dispute to the Court pursuant to paragraph 8(f) herein by no later than **December 3, 2018**.

        Subject to the Court's rulings on any disputed issues and to the pendency of any disputes awaiting a ruling, rolling production of such non-custodial documents shall begin no later than **January 4, 2019**.

iv. *Fixing Call recordings and other audio files*: The Parties shall meet and confer concerning the production of fixing calls and other audio files relevant to Plaintiffs' claims. To the extent the Parties are unable to agree on any matters relating to such audio files, the Parties shall submit the dispute to the Court pursuant to paragraph 8(f) herein by no later than **December 3, 2018**. Subject to the Court's rulings on any disputed issues and to the pendency of any disputes awaiting a ruling, rolling production of such audio files shall begin no later than **January 4, 2019**.

v. *Relevant time period*: The Parties shall meet and confer regarding the relevant time period for the production of documents and data. To the extent the Parties are unable to agree on the relevant time period for production of documents and data, the Parties shall submit the dispute to the Court pursuant to paragraph 8(f) herein by no later than **December 3, 2018**.

vi. No later than **February 8, 2019**, the Parties shall meet and confer regarding the progress of their respective productions and the status of ongoing document collection and review.

vii. On the first business day of each month, beginning in **February 2019**, the parties will provide the Court with a monthly status letter of not more than five pages summarizing their progress in discovery.

viii. Subject to rulings by the Court and the pendency of disputes submitted to the Court for rulings, each Party shall certify by **May 31, 2019**, that its production of documents and other materials responsive to initial discovery requests is substantially complete.

ix. To the extent relevant to each Party's prospective productions, the parties shall meet and confer no later than **7 days after responses and objections to initial discovery requests have been served** in an effort to resolve (or at least narrow) any issues relating to non-U.S. law with respect to privilege, data protection, customer confidentiality, privacy, bank secrecy, blocking statutes and other limitations on discovery (collectively "non-U.S. discovery limitations"). If there are any issues based on non-U.S. discovery limitations that the Parties are unable to resolve, the Parties shall submit the dispute to the Court pursuant to paragraph 8(f) herein within **30 days of service of responses and objections to initial discovery requests**. This process shall be conducted in good faith and on a non-waiver basis and shall not prejudice any Party's right to raise subsequently any objection to production**,** or any argument arising from untimely production or incomplete production, based on asserted non-U.S. discovery limitations.

    b. *Interrogatories*: The Parties may commence serving interrogatories on **September 24, 2018**, provided that the service of interrogatories and answers and objections to interrogatories shall be governed by Local Civil Rule 33.3 and Fed. R. Civ. P. 33. Interrogatories shall be served on a collective basis, with Plaintiffs (collectively) propounding a set of interrogatories on each group of affiliated Defendants and Defendants (collectively) propounding a set of interrogatories on each Plaintiff.

    c. *Requests for Admission*: The Parties may commence serving requests for admission on **November 19, 2018**, provided that the service of requests for admission and answers and objections to requests for admission will be governed by Fed. R. Civ. P. 36.

    d. *Third party discovery*: The parties may serve third party subpoenas commencing upon the entry of a discovery schedule by the Court.  On or about August 25, 2017, the Court authorized Plaintiffs to serve a subpoena on CME Group, Inc. ("CME"), "provided that CME is not required to respond to Plaintiffs' subpoena until the stay of discovery in this action is lifted."  Plaintiffs may serve a copy of the discovery scheduling order on CME and CME or any Defendant shall serve its written responses and objections within 30 days of service of this order on CME.

    e. *Fact Depositions*:  Fact depositions may commence on **June 3, 2019** and, subject to witness availability, shall end on **December 11, 2019**.

        1. No later than **February 15, 2019**, the Parties shall jointly submit a proposed Deposition Protocol to the Court, outlining any areas of disagreement. The Deposition Protocol shall address logistics of deposition scheduling, treatment of former employees, the length of depositions, the impact of translations during any deposition, the coordination of depositions with the *Gold* case, and the number of depositions that may be taken.

    f. In the case of discovery disputes, the Parties should follow Local Civil Rule 37.2 with the following modifications:  Any Party wishing to raise a discovery dispute with the Court **must first meet and confer in good faith** with the opposing Party, in person, in an effort to resolve the dispute.  If this process fails and the Court's intervention is required, the parties must jointly call Chambers to schedule a joint teleconference with the Court for prompt resolution of the dispute.  The Court will determine during the teleconference whether additional submissions will be required.  With respect to disputes identified in paragraphs 8(a)(1)(i), (ii), (iii), (iv), and (v) above, the parties will provide the Court by **December 3, 2018**, a joint letter including a side-by-side comparison of the Plaintiffs' and Defendants' proposals for resolving each dispute.

9. To the extent any party requests that any dates herein be changed for any reason, the Parties will meet and confer about any such scheduling modifications and submit any proposals for this Court's consideration.

10. The next pretrial conference is scheduled for ___December 20, 2019_____ at __2:00 p.m.__ in Courtroom 443 of the Thurgood Marshall Courthouse, 40 Foley Square, New York, New York 10007.  No later than _____December 6, 2019_____, the Parties

4

shall submit a joint letter of no more than five pages concerning the timing of expert discovery and the briefing of motions on class certification and for summary judgment.

Counsel for the Parties:

Dated: August 30, 2018
New York, New York

| | |
|---|---|
| /s/ Vincent Briganti | /s/ Robert Eisler |
| Vincent Briganti | Robert Eisler |
| Barbara Hart | Deborah Elman |
| Thomas Skelton | GRANT & EISENHOFER, P.A. |
| Christian P. Levis | 485 Lexington Avenue |
| LOWEY DANNENBERG P.C. | New York, NY 10017 |
| 44 South Broadway, Suite 1100 | reisler@gelaw.com |
| White Plains, NY 10601 | delman@gelaw.com |
| vbriganti@lowey.com | Telephone: (646) 722-8500 |
| bhart@lowey.com | Facsimile: (646) 722-8501 |
| tskelton@lowey.com | |
| clevis@lowey.com | *Co-Counsel for Plaintiffs and the Proposed Class* |
| Telephone: (914) 997-0500 | |
| Facsimile: (914) 997-0035 | |
| | |
| Co-*Counsel for Plaintiffs and the Proposed Class* | |

| | |
|---|---|
| /s/ Stephen Ehrenberg | /s/ Damien J. Marshall |
| Stephen Ehrenberg William H. Wagener | Leigh M. Nathanson |
| SULLIVAN & CROMWELL LLP | Laura E. Harris |
| 125 Broad Street | BOIES SCHILLER FLEXNER LLP |
| New York, NY 10004 | 575 Lexington Avenue |
| ehrenbergs@sullcrom.com | New York, NY 10022 |
| wagenerw@sullcrom.com | dmarshall@bsfllp |
| Telephone: (212) 558-4000 | lnathanson@bsfllp |
| Facsimile: (212) 558-3588 | jharris@bsfllp |
| | Telephone: (212) 446-2300 |
| *Attorneys for The Bank of Nova Scotia Defendants* | Facsimile: (212) 446-2350 |
| | |
| | *Attorneys for HSBC Defendants* |

**SO ORDERED.**

**Date:**   September 6, 2018
**New York, New York**
                                                                 **VALERIE CAPRONI**
                                                                 **United States District Judge**